**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MUSTAFA HUSSAIN,

               Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

               Respondent.

No. 15-72170

Agency No. A099-875-114

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, M. SMITH, Circuit Judge, and BUCKLO,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Mustafa Hussain petitions for review of the Board of Immigration Appeal's ("BIA") denial of his applications for asylum. Because the BIA cited *Matter of Burbano* and provided its own review of the evidence and the law, we review the decisions of both the immigration judge and the BIA. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). In this case, the immigration judge concluded that Hussain had established past persecution, but that the presumption of future persecution was rebutted by changed country conditions, namely that "the political atmosphere in Pakistan has evolved in favor of the [Pakistan Muslim League Nawaz] party" of which Hussain was a member.

We may take judicial notice of a post-briefing change in country conditions in the context of deciding whether to remand.[1] *Gafoor v. I.N.S.*, 231 F.3d 645, 655-57 (9th Cir. 2000) (ordering a remand to the BIA after taking judicial notice, *sua sponte*, of "dramatic foreign developments" ). Here, we take judicial notice of the fact that country conditions in Pakistan have changed in that the Nawaz party now holds considerably less political power in Pakistan. Because the immigration judge's decision was founded upon the contrary assumption, we must remand for the BIA to determine on an open record in the first instance whether the changed country conditions in Pakistan continue to rebut Hussain's well-founded fear of

---

[1] Petitioner's motion for judicial notice is granted.

future persecution and affect Hussain's ability to relocate within Pakistan. *See*

*I.N.S. v. Orlando-Ventura*, 537 U.S. 12, 17-18 (2002).


**PETITION GRANTED AND REMANDED.**